```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF DELAWARE

 3                           -  -  -

 4    FLASHPOINT TECHNOLOGY, INC.,    )
                                      )
 5               Plaintiff,           )
                                      )
 6        v.                          )Civil Action No. 08-139-GMS
                                      )(Consolidated)
 7    AIPTEK, INC., et al.,           )
                                      )
 8               Defendants.          )

 9                           -  -  -

10    FLASHPOINT TECHNOLOGY, INC.,    )      Civil Action
                                      )
11               Plaintiff,           )
                                      )
12        v.                          )
                                      )
13    HTC CORPORATION AND HTC         )
      AMERICA, INC.,                  )
14                                    )
                 Defendants.          )      No. 14-317-GMS
15
                             -  -  -
16                      Wilmington, Delaware
                      Tuesday, June 10, 2014
17                         10:00 a.m.
                      Telephone Conference
18                           -  -  -

19    BEFORE:  HONORABLE GREGORY M. SLEET, Chief Judge

20    APPEARANCES:

21            EDMOND D. JOHNSON, ESQ.
              Pepper Hamilton LLP
22                       -and-
              GOUTAM PATNAIK, ESQ.
23            Pepper Hamilton LLP
              (Boston, MA)
24
                           Counsel for Plaintiff
25
```

```
 1    APPEARANCES CONTINUED:

 2              JOHN G. DAY, ESQ.
               Ashby & Geddes
 3                        -and-
               JOHN P. SCHNURER, ESQ.,
 4             KEVIN J. PATARIU, ESQ., and
               JOSEPH P. REID, ESQ.
 5             Perkins Coie LLP
               (San Diego, CA)
 6
                              Counsel for HTC
 7
               MARY MATTERER, ESQ.
 8             Morris James LLP
                        -and-
 9             SCOTT R. BROWN, ESQ.
               Hovey Williams LLP
10             (Kansas City, MO)

11                            Counsel for Bushnell

12             FRANCIS DiGIOVANNI, ESQ.
               Drinker Biddle & Reath LLP
13
                              Counsel for DXG Technology
14                            USA Inc.

15             TRAVIS HUNTER, ESQ.
               Richards Layton & Finger, P.A.
16                      -and-
               IRFAN LATEEF, ESQ.
17             Knobbe Martens
               (Irvine, Ca)
18
                              Counsel for Mustek Inc.
19
               RICHARD D. KIRK, ESQ.
20             Bayard, P.A.

21                            Counsel for Sakar International
                              Inc.
22

23

24

25
```

1     **APPEARANCES CONTINUED:**

2              JOHN ANDRADE, ESQ.
             Parkowski, Guerke & Swayze, P.A.
3                    -and-
             ALAN WRIGHT, ESQ.
4            HC Park & Associates
             (Reston, VA)

5
                         Counsel for Pantech
6
             PHILIP A. ROVNER, ESQ.
7            Potter Anderson & Corroon LLP

8                         Counsel for General Imaging Co.

9            REX A. DONNELLY, ESQ.
             Ratner Prestia
10                   -and-
             MICHAEL K. PLIMACK, ESQ., and
11           DAVID A. GARR, ESQ. (Washington, D.C.)
             Covington & Burling LLP
12           (San Francisco, CA)

13                        Counsel for Palm

14

15

16

17

18

19

20

21

22

23

24

25

1          THE COURT:  Good morning.  Is this the operator,

2     or do I have counsel?

3          UNIDENTIFIED SPEAKER:  You have counsel, Your

4     Honor.

5          THE COURT:  In the 08-139 action, please, let's

6     begin -- we have common plaintiff's counsel in both actions.

7     Let's start off with introductions of plaintiff's counsel,

8     please.

9          MR. JOHNSON:  Yes, Your Honor.  This is Edmond

10    Johnson from the Wilmington office of Pepper Hamilton on

11    behalf of FlashPoint, the plaintiff.  I have with me today

12    Goutam Patnaik from our Washington, D.C. office.

13         THE COURT:  Good morning.

14         Let's see.  Who is appearing for HTC today?

15         MR. DAY:  Good morning, Your Honor.  For HTC,

16    you have John Day as Delaware counsel.  With me on the line,

17    John Schnurer, Kevin Pitariu, and Joseph Reid from Perkins

18    Coie.  To the extent Your Honor has any questions for HTC,

19    Mr. Schnurer will be handling them.

20         THE COURT:  Thanks, counsel.

21         For Aiptek?

22         UNIDENTIFIED SPEAKER:  Your Honor, I don't think

23    we have anyone from Aiptek on.  We called in.  They are the

24    only one who did not call in.

25         THE COURT:  But we do have counsel both from

```
 1      317, the 14-317 and the 08-391 action on the line.  Correct?

 2                 UNIDENTIFIED SPEAKER:  That's correct.  There is

 3      a total overlap on those two, actually.

 4                 THE COURT:  Argus.

 5                 UNIDENTIFIED SPEAKER:  Argus has no counsel,

 6      Your Honor.

 7                 THE COURT:  I am just going down the docket

 8      sheet.

 9                 Bushnell.

10                 MS. MATTERER:  Good morning, Your Honor.  This

11      is Mary Matterer from Morris James.  I have with me Scott

12      Brown on behalf of Bushnell from the law firm of Hovey

13      Williams.

14                 THE COURT:  Good morning.

15                 Do we still have DXG Technology?

16                 MR. DiGIOVANNI:  Yes, Your Honor.  Good morning.

17      Frank DiGiovanni from Drinker Biddle & Reath for the two DXG

18      entities.

19                 THE COURT:  Good morning.

20                 For GE?

21                 General Electric?

22                 UNIDENTIFIED SPEAKER:  Your Honor, General

23      Electric is no longer in this matter.

24                 THE COURT:  Thank you.

25                 Is International Norcent Tech still in the
```

```
 1   matter?
 2              UNIDENTIFIED SPEAKER:  They are out of the
 3   matter, Your Honor.
 4              THE COURT:  Leica?
 5              UNIDENTIFIED SPEAKER:  They are out of the
 6   matter, Your Honor.
 7              THE COURT:  Minox.
 8              UNIDENTIFIED SPEAKER:  They are out as well.
 9              THE COURT:  Mustek?
10              MR. HUNTER:  Travis Hunter from Richards Layton
11   & Finger.  I have on the line with me Irfan Lateef from
12   Knobbe Martens.
13              THE COURT:  Polaroid?
14              Polaroid is out?
15              Ritz Interactive, are they still in?
16              UNIDENTIFIED SPEAKER:  They are out, Your Honor.
17              THE COURT:  Sakar International.
18              MR. KIRK:  For Sakar, Your Honor, this is
19   Richard Kirk from Bayard for Sakar International, doing
20   business as Digital Concepts.
21              THE COURT:  Great.  Thank you.
22              Tabata, is it, USA?
23              UNIDENTIFIED SPEAKER:  They are out of the case,
24   Your Honor.
25              THE COURT:  Target is still in?
```

```
1                    UNIDENTIFIED SPEAKER:  They are out, Your Honor.

2                    THE COURT:  Vistaquest?

3                    UNIDENTIFIED SPEAKER:  They are out, Your Honor.

4                    THE COURT:  VuPoint?

5                    UNIDENTIFIED SPEAKER:  They are out, Your Honor.

6                    THE COURT:  Walgreen?  Are they out?

7                    UNIDENTIFIED SPEAKER:  They are out, Your Honor.

8                    THE COURT:  Wal-Mart is out?

9                    UNIDENTIFIED SPEAKER:  Yes.

10                   THE COURT:  AT&T Mobility.

11                   UNIDENTIFIED SPEAKER:  Out.

12                   THE COURT:  That is everybody.  Right?

13                   MR. ANDRADE:  Your Honor, John Andrade from

14      Parkowsi, Guerke & Swayze for Pantech.  I have Alan Wright

15      from HC Park & Associates on the line.

16                   THE COURT:  Who else is on the line that hasn't

17      been identified?

18                   MR. ROVNER:  Your Honor, Phil Rovner from Potter

19      Anderson for defendant General Imaging in the 08-928 case.

20                   MR. DONNELLY:  Rex Donnelly from Ratner Prestia

21      for Palm.  I have Michael Plimack and David Garr from

22      Covington & Burling on the line.

23                   THE COURT:  Good morning.

24                   Anyone else?

25                   Mr. Rovner, what was that civil action number
```

```
 1      you just gave?

 2                  MR. ROVNER:  08-928.

 3                  THE COURT:  Here are the action numbers I am

 4      using, Mr. Rovner.  I am using the consolidated 08-139.  Is

 5      that the one of which you are a part?

 6                  MR. ROVNER:  Yes.

 7                  THE COURT:  Let's get to my numbers.  Okay?

 8                  I am already a little prickly, counsel, this

 9      morning, having tried to digest 60 pages of joint status

10      reports.  I don't understand this at all, and I am not going

11      to waste your time or mine with trying to get an explanation

12      as to why you would burden a judge with this kind of

13      nonsense.

14                  I will say, "Garbage in, garbage out."  We will

15      see what we end up with today, given the not altogether

16      clear statement of positions regarding various things that

17      appear in the two separate reports.

18                  So let's begin with this:

19                  It appears that HTC and the plaintiff,

20      FlashPoint, have a difference of view as to whether the 139

21      and 317 matters should be put on the same schedule.  Am I

22      right about that?

23                  MR. PATNAIK:  Yes, Your Honor.

24                  THE COURT:  Please identify yourself.  We have a

25      lot of lawyers on the line.
```

```
 1                    MR. PATNAIK:  (Inaudible) for FlashPoint, Your
 2     Honor.
 3                    THE COURT:  Who is this?
 4                    MR. PATNAIK:  Goutam Patnaik.  I am in Pepper
 5     Hamilton's Boston office, Your Honor.
 6                    THE COURT:  In the 139 and the 317 status
 7     reports, it appears that the defendants would prefer both of
 8     these actions placed on the same schedule.  Is that correct?
 9                    Somebody for the defendants, please speak up on
10     that?
11                    MR. SCHNURER:  That's correct, Your Honor.  This
12     is John Schnurer for HTC.  That is correct.
13                    THE COURT:  And the schedules, as best I can
14     tell, that the defendants have proposed are identical in
15     both status reports.  Is that correct?
16                    MR. SCHNURER:  That's correct, Your Honor.
17                    THE COURT:  What is the defendants' proposal as
18     to, if I adopt your suggestion that we consolidate these
19     matters together for pretrial purposes, that we do about
20     trial at the end of the day?  Go ahead.
21                    MR. SCHNURER:  From HTC's perspective, HTC would
22     like the cases tried separately.  So a trial against HTC
23     separate from other defendants.
24                    THE COURT:  Each of the other defendants, are
25     you proposing separate trials for each one of your clients?
```

1    What is it that you are proposing?

2               I am going to hang up in a minute if somebody

3    doesn't speak up.

4               MR. DiGIOVANNI:  Your Honor, for DXG.

5               Our proposal, our preference would be to have a

6    conference at some point closer to trial.  Our current

7    position is we would want separate trials.  But we would be

8    willing to discuss it later in the case to see if that truly

9    makes sense.

10              THE COURT:  Thanks for speaking up, Mr.

11   DiGiovanni.  And thanks for making sense when you did so.

12              HTC, are you proposing that on the matter that

13   was transferred here from North Carolina that I adopt the

14   North Carolina Judge's schedule?

15              MR. SCHNURER:  No, Your Honor.

16              THE COURT:  I don't mean HTC.  I misspoke.  I

17   think I meant the plaintiff, FlashPoint.

18              MR. PUTNAIK:  Your Honor, we did seek that the

19   schedule be maintained to the best -- just sliding the dates

20   to account for the lag based on the transfer.

21              THE COURT:  How would you imagine, counsel,

22   given this Court's docket, this Judge's over 300, well over

23   300 patent cases, I might accommodate such an outlandish

24   request?  Obviously, that is a rhetorical question.

25              MR. PATNAIK:  Your Honor, that was the basis for

1    why we didn't want the transfer.  We thought we were on a

2    good track in North Carolina.

3              THE COURT:  That wasn't my call.  As far as I am

4    concerned, I wish the North Carolina judge had left you

5    right there.  But now you are here.  So why would you even

6    propose to me, counsel, that I even think for a minute about

7    something like that?  How can I do that?  What is on your

8    mind?

9              MR. PATNAIK:  That was meant to address the fact

10   that these cases are in different postures, because the

11   North Carolina matter had progressed.  We were already

12   through claim construction.  We were starting expert

13   depositions for claim construction.  The parties had

14   exchanged constructions as well as extrinsic evidence.

15             So given that it was that far ahead, we thought

16   we would try to maintain that track.

17             THE COURT:  In the two actions, there are

18   different patents.  Right?  Different accused products?

19             MR. PATNAIK:  That's correct, Your Honor.

20             THE COURT:  In the 317 versus the 139.  Do you

21   agree with that, HTC?

22             MR. SCHNURER:  Your Honor, no, we disagree.

23   There is no overlap in patents.  But the same products are

24   accused.

25             MR. PATNAIK:  Your Honor, may I add some

```
 1    clarification?

 2              THE COURT:  Yes.

 3              MR. PATNAIK:  There may be overlap in products,

 4    Your Honor.  But the claims of the patents are addressing

 5    different features of functionality.  From prior experience

 6    with HTC in other litigations, different people will be

 7    deposed about different functionality of the products.

 8              I think the overlap is a little overstated.

 9              THE COURT:  Well, that's impossible for me to

10    discern from my vantage point at this stage of the

11    litigation, as to who has the better of the arguments there.

12              But it strikes me that the defendants' proposal,

13    as a practical matter, is the only one that I can and am

14    willing to accommodate.  That is that these matters be put

15    together, the 139 and the 317, at least for purposes of

16    pretrial matters.  That's what we are going to do.

17              Again, thinking about the schedule, and when I

18    would first be able to bring the first case to trial, that

19    wouldn't be, quite frankly -- let me find where I have my

20    notes on that, among your 60 pages -- October 17th, 2016.

21    So the final proposed, joint final proposed pretrial order

22    will be due by the close of business August 29th, 2016.

23              Counsel for plaintiff, I am going to direct that

24    you prepare the case management order, and have it filed by

25    June 23rd, please.
```

1           The pretrial conference will occur in Wilmington

2     on 9/19/2016, beginning at 10:00 in the morning.

3           I don't know that we can have a meaningful

4     discussion about the number of days for trial in this

5     matter, regardless of which one we are talking about, or

6     maybe you differ.  Maybe you have had a chance to actually

7     meet and confer and get something done.

8           Is there a common view, plaintiff, on how many

9     days these matters should take?

10          MR. PATNAIK:  No, Your Honor.  There is not.  I

11    think it may make sense to defer on the number of days for

12    trial at this point.

13          THE COURT:  Anybody for the defendants want to

14    be heard on this?

15          MR. SCHNURER:  John Schnurer for HTC.

16          We would agree with FlashPoint.  Given the

17    number of patents and the desire for focus and hopefully

18    dropping a patent and claims through the case, we have a

19    better idea of how many trial days would actually be

20    required.

21          THE COURT:  Before I forget, there is a

22    difference in the two schedules that I failed to note at the

23    outset, I think.  You can correct me if I am wrong, counsel,

24    because I well might be.  I see in the joint status report

25    on the 139 action, under Defendants' Proposed Dates,

1    provision for summary judgment briefing regarding Palm

2    Licensing Defenses.  Does somebody want to be heard on what

3    this is all about?

4                    MR. PLIMACK:  Your Honor, Michael Plimack for

5    Palm.

6                    Palm was acquired by HP.  HP has a license to

7    all these patents.  It is our view that by virtue of that

8    acquisition, so does Palm.

9                    It is a straight issue of law under the

10   acquisition agreement, the license agreement.  At the

11   parties' mediation with Judge Thynge, there was general

12   agreement that this should be teed up for an early

13   resolution because it is a pure issue of law.  So we had

14   that in the schedule for early determination by the Court.

15   If Your Honor's schedule allowed, we were hoping to get a

16   hearing on that decision in the near future, because that

17   could get us out of the case.

18                    THE COURT:  I don't have time to give you a

19   hearing, counsel.  Let me not hold out false hopes on that.

20   I will decide the matter on the papers.

21                    MR. PLIMACK:  Thank you, Your Honor.

22                    THE COURT:  Is there an objection from the

23   plaintiffs to including this?

24                    MR. PATNAIK:  Your Honor, no objection.  We are

25   amenable to it.

1                    Just for context, none of the disagreement --

2       the retroactive applicability of that license, and that's

3       what will be briefed by both parties.

4                    THE COURT:  You agree this is purely a question

5       of law, and that if decided in favor of the moving party,

6       namely Palm or HP, whoever owns them now or acquired them,

7       that they would be out of the case?

8                    MR. PATNAIK:  We agree, Your Honor.

9                    THE COURT:  I don't have a problem with your

10      briefing schedule, Palm.  I will tell you that I am not

11      going to get to this in the summer.  It's not going to

12      happen.  But you go right ahead and brief, and I will get to

13      it as soon as humanly possible to do so.  Okay?

14                   MR. PLIMACK:  Thank you, Your Honor.  We

15      appreciate it.

16                   THE COURT:  Now, let me page over here.  Hold on

17      a second.

18                   I am going to work from the status report in

19      14-317, because in that case on the same pages, at least, I

20      can see the differing proposals side by side.

21                   As I said earlier, I am going -- or maybe didn't

22      say but I am going to make clear now -- I am going to adopt

23      the defendants' proposed dates here.  And I want to discuss

24      just for a moment the Identify Asserted Claims and Allegedly

25      Infringing Products and Deadline to Amend Pleadings, one box

1    line where FlashPoint proposes October 3 and defendants say

2    not applicable.

3              So let's begin with plaintiff.

4              MR. PATNAIK:  Yes, Your Honor.

5              THE COURT:  You have proposed a deadline to have

6    this activity completed.  I gather the defendants don't

7    believe it is necessary.

8              MR. SCHNURER:  That's correct, Your Honor.  This

9    is John Schnurer.

10             MR. PATNAIK:  Your Honor, I can speak to what we

11   think the basis for it is.  With respect to HTC -- HTC is

12   introducing new products on a rolling basis.  We were trying

13   to be as close to realtime as possible with an

14   identification or a list of products at issue.

15             THE COURT:  Is there a reaction?

16             MR. SCHNURER:  So in the transfer -- Your Honor

17   said the cases would be consolidated.  But with respect to

18   the transferred patents, they already identified the claims

19   and the accused products.  So there is going to be a time by

20   which no more new claims and no more new products are going

21   to be added to the case.

22             In the original consolidated action, that time

23   expired a long time ago.  So we are just trying to know what

24   our case is and move forward.  And FlashPoint, it seems to

25   be a constantly evolving case for them.  Enough is enough.

1    And we want to move forward and move forward with the Court.

2              MR. PATNAIK:  That is why we picked a date

3    certain in the proposed schedule.  Obviously, a lot has

4    happened since the consolidated case was stayed.

5              THE COURT:  I am going eliminate the line that

6    says, Identify asserted claims and allegedly infringing

7    products and deadline to amend pleadings.

8              All the other dates that are proposed by the

9    defendants are fine.

10             I have already given you a pretrial order due

11   date, a pretrial conference date and a trial date.  I

12   neglected to set a date for our Markman hearing.  I am going

13   to put you on hold.  Hold on.

14             (Pause.)

15             THE COURT:  Does anybody on the line have any

16   sense at all about how much time we are going to need for

17   Markman in these cases?

18             MR. PUTNAIK:  Your Honor, given that we are

19   making the schedules the same, I am assuming, but I don't

20   know for certain, that all 16 patents will be addressed in

21   the same Markman?

22             THE COURT:  We can discuss that.

23             MR. PUTNAIK:  I think that would be pretty

24   onerous for everyone concerned, to try to address all of

25   them at one Markman.

1          THE COURT:  Certainly for me it would.  Have you

2  talked about a proposal among yourselves, plaintiffs on the

3  one side, defendants on the other?

4          MR. PATNAIK:  No, Your Honor.  That was our

5  attempt to keep the cases separate.  But I understand now

6  they are on the same track.  We would recommend separate

7  Markmans for the two matters, Your Honor.

8          THE COURT:  Why not, counsel, discuss the

9  alternative?  In the event that Judge Sleet doesn't agree

10  that the cases shouldn't be severed, why haven't you

11  prepared, counsel on both sides, to talk with me about a

12  reasonable proposal for Markman, which is, after all, a

13  significant event in the life of these cases?

14          MR. PATNAIK:  Apologies, Your Honor.  We were

15  working towards trying to get these reports together and we

16  didn't address the Markman issue in case they were

17  consolidated.

18          THE COURT:  So when you say separate Markmans,

19  counsel, what are you suggesting?

20          MR. PATNAIK:  Your Honor, at least two separate

21  hearings.  Given there are six patents that are completely

22  unique for HTC, two separate Markman schedules with respect

23  to the patents, the two groups of patents.

24          THE COURT:  Does HTC concur that it would be

25  more efficient to set your patents off separate from the

1    other defendants and have your own Markman?

2              MR. SCHNURER:  Well, what's most -- what is most

3    important is your schedule.  There are patents that overlap

4    asserted by HTC that are also asserted against other

5    defendants, just having HTC argue those claims would be --

6    but we do agree, given the number of patents in total, at

7    least two separate times, if your schedule permits, or

8    perhaps three, to address all the patents.  But we are

9    hoping with the narrowing of the claims, HTC has proposed a

10   narrowing of the claims to be asserted as well as the number

11   of claim terms to be construed, if we could get to that --

12   yes, Your Honor.

13             THE COURT:  Sure.  That should certainly be on

14   the table for discussion, the narrowing of claims and

15   asserted elements, yes.

16             MR. SCHNURER:  So we feel it could be done at

17   two separate times.  Thinking outside the box, four hours if

18   we can get two separate days, four hours to six hours,

19   totals, split between the parties, that should do it.  I am

20   thinking like eight to ten hours.

21             THE COURT:  Okay.

22             MR. SCHNURER:  Hopefully less.  It all comes

23   down to whether FlashPoint stands on the claims it has

24   asserted and how much it is going to narrow things.

25             THE COURT:  At the present time we have 16

1    patents?

2              MR. PATNAIK:  Yes, Your Honor.

3              THE COURT:  Do we know how many claims are being

4    asserted from those patents?

5              MR. PATNAIK:  In total, Your Honor, the issue

6    was still ripe from us that given the number of products

7    that have come out since the stay was issued, we were going

8    to seek to amend which patents are being asserted against

9    which defendants in the consolidated case, given the

10   introduction of new products since the stay was instituted.

11   So that issue is a little bit in flux.

12             MR. SCHNURER:  Your Honor, I will just try to

13   flag it.  But I believe there are a significant number of

14   claims already presently asserted, at least against HTC.

15             I am just trying to find the page that breaks it

16   down by the patents.

17             MR. PATNAIK:  Page 12 on the consolidated

18   report.

19             Plaintiff does break it down by patents.  It

20   does not provide a number of claims per patent.

21             On Page 16 of the consolidated report, Your

22   Honor -- this is HTC -- we identify the number of claims.

23   This is -- in the transferred case, 16 claims were asserted.

24   While in the consolidated, the 139 action, 38 claims were

25   asserted.

1              In that section, we outline a proposal for

2      reduction of the scope of the case.

3              THE COURT:  I am just reading, counsel.  Hold on

4      a second.

5              (Pause.)

6              Was there a discussion of your proposal, HTC?

7              MR. SCHNURER:  While we had a lot of

8      back-and-forth on this, we tried to have a discussion, my

9      understanding from FlashPoint is that, frankly, I never got

10     a clear idea of what their idea is on moving the case, just

11     a high-level desire to.

12             MR. PATNAIK:  Your Honor, we are amenable to

13     claim reductions with the corresponding reduction in prior

14     art references.  What we were waiting for was guidance as

15     far as whether these two tracks will be together or not.

16     But you have already answered that, Your Honor.

17             To answer your question, we are amenable to

18     reductions and deadlines for reductions of claims as well as

19     prior art references.

20             THE COURT:  Is that something that should be put

21     on the schedule, gentlemen?

22             MR. SCHNURER:  Your Honor, we would like to have

23     that in the schedule.

24             THE COURT:  Plaintiff?

25             MR. PATNAIK:  We agree.

1                    THE COURT:  Okay.  I will leave that to you,

2      gentlemen, to discuss offline.  Include it in the schedule.

3                    Let me go back to the computer and see if I can

4      find two separate days to handle the Markmans.  I think your

5      proposals make sense in this regard.  I will be right back.

6                    (Pause.)

7                    MR. SCHNURER:  Your Honor, we already had it in

8      our proposed schedule, regarding those two dates to narrow

9      the case.

10                   THE COURT:  Okay.  Let's see.

11                   That's fine.  There is no need to discuss it

12     further then.

13                   I will be right back.

14                   (Pause.)

15                   The best I am able to do, counsel, given the

16     proposed date for the completion of briefing, is -- let me

17     make sure I have the dates right.  Hold on.

18                   July 7 and July 9, beginning at 9:30.

19                   I think that we have now accounted for all the

20     dates that have been proposed and now adopted by the Court.

21     We have agreed that it's premature to talk about length of

22     trial and order of trial and the like.

23                   Settlement-wise, I am still a little at sea

24     whether you think you would benefit from referral to a

25     Magistrate Judge or not.  Plaintiff?

1                    MR. PATNAIK:  Your Honor, we believe it would be

2      fruitful and useful.  We have been trying to get to a

3      mediation, Your Honor.  It just hasn't happened yet.

4                    THE COURT:  Whomever would like to speak on

5      this?  I am not limiting the defendants in any way.  Who

6      wants to speak first on this?

7                    MR. SCHNURER:  Your Honor, we are up for a

8      mediation.

9                    THE COURT:  Let me put it this way.  Among the

10     defendants, anyone who feels that it would not be a useful

11     exercise?

12                   MR. PLIMACK:  Your Honor, for Palm.

13                   We have already been to mediation with Judge

14     Thynge, which I believe I mentioned.  So the upshot of that

15     was to have our summary judgment motion, which I mentioned.

16                   THE COURT:  I understand that.  You are a little

17     different in that regard.

18                   I am going to go ahead and direct that you put a

19     referral paragraph or sentence in the scheduling order

20     referring it to the Magistrate Judge.  It will be Chief

21     Judge Thynge in all likelihood.

22                   Anything else, counsel, that I may have

23     overlooked in either of the status reports?

24                   MR. PATNAIK:  Your Honor, one issue.  HTC has as

25     of last week put two of the transfer case patents into an

1    IPR.  They petitioned for the request.  And I think they are

2    seeking to stay both actions now based on that IPR.  We

3    believe that would be improper, Your Honor.

4              THE COURT:  Has a motion been filed yet?

5              MR. PATNAIK:  No, Your Honor.  It's been

6    reference in their joint report.

7              THE COURT:  I saw that.  I think, actually,

8    there was a mention at the last time we got on the phone

9    that there were going to be more patents placed into the IPR

10    process.  But only two right now.  Go ahead.

11              MR. SCHNURER:  Your Honor, yes, Your Honor.  So

12    there is one patent, the '726 patent, that is in an inter

13    partes reexam.  It is at the board of the PTO.  Then two

14    additional patents were placed -- well, at least a petition

15    was filed last week.  An additional one was just filed last

16    night and we are filing it today.

17              As I had indicated to you at the last status

18    conference, we are going to get all six filed.  So we have

19    got two more to do in the next couple weeks.  At that point

20    in time, we request to move to stay the case.

21              THE COURT:  You can move.  I don't have a view

22    at this time.  We are going to proceed forward now and

23    continue to proceed forward until I resolve whatever motion

24    or motions there are that might be filed.

25              UNIDENTIFIED SPEAKER:  Yes, Your Honor.

1                    THE COURT:  After they are fully briefed.

2                    There was mention of a -- none of the actions in

3        this case are stayed at the present time.  Right?

4                    MR. SCHNURER:  That's correct, Your Honor.

5                    THE COURT:  I didn't think so.  Somebody said

6        something that gave me the impression that I had stayed

7        something in one of these actions.  I didn't think that was

8        the case.

9                    Anything else, counsel?

10                   All right, counsel.

11                   (Conference concluded at 10:38 a.m.)

12                              -   -   -

13       Reporter:  Kevin Maurer

14

15

16

17

18

19

20

21

22

23

24

25