# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLASHPOINT TECHNOLOGY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 08-00139-GMS |
| | ) | (Consolidated) |
| | ) | |
| AIPTEK, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| FLASHPOINT TECHNOLOGY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 14-00317-GMS |
| | ) | |
| HTC CORPORATION and | ) | |
| HTC AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **SCHEDULING ORDER**

This 23rd day of June, 2014, the Court having conducted at Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on June 10, 2014, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Scheduling for Pretrial Matters.** The above-captioned cases shall be coordinated for purposes of pretrial matters, according to the following Procedural Schedule.

2. **Rule 26(a) Initial Disclosures.** The parties have already exchanged Rule 26(a) initial disclosures. Therefore, the parties should continue to supplement them, as necessary, pursuant to Rule 26(e).

3.     **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties shall be filed on or before December 2, 2014.  All motions to amend pleadings shall be filed on or before July 2, 2015.

4.     **Reliance Upon Advice of Counsel.**  FlashPoint shall provide its prima facie showing of willful infringement to Defendants on July 2, 2015.  Defendants then shall inform FlashPoint whether they intend to rely upon advice of counsel as a defense to willful infringement no later than July 30, 2015.  If Defendants elect to rely on advice of counsel as a defense to willful infringement, Defendants shall produce any such opinions on which Defendant intend to rely to FlashPoint no later than August 13, 2015.

5.     **Reduction in Asserted Claims and Prior Art References.**  The parties shall narrow the scope of the case as follows: on or before January 8, 2015, FlashPoint will reduce its allegations by identifying to no more than 96 total claims, with no more than 10 claims per patent, from its infringement contentions upon which it plans to proceed.  On or before January 22, 2015, Defendants shall then correspondingly reduce their allegations by identifying no more than 120 total prior art references, with no more than 12 references per patent, from their invalidity contentions upon which they plan to proceed.  On or before November 3, 2015, FlashPoint will further reduce its allegations by identifying to Defendants no more than 48 total claims, with no more than 5 claims per patent (from the 96 claims previously identified), upon which it plans to proceed.  On or before November 10, 2015, Defendants will further reduce their allegations by identifying no more than 60 total prior art references, with no more than 6 references per patent (from the 120 references previously identified), upon which they plan to proceed.

6.     ***Markman* Claim Construction Hearing.**  The *Markman* hearing(s) in these matters shall be held on July 7 and July 9, 2015, beginning at 9:30 a.m., for a total of ten hours, with Plaintiff and Defendants each having five hours.  The parties will exchange terms and phrases for construction on February 2, 2015, and their respective proposed constructions for those terms and

phrases (including any supportive extrinsic evidence upon which they intend to rely in advocating those constructions) on March 5, 2015.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues, and the most efficient use of the time allotted for the *Markman* hearing(s) in these matters, on or before March 26, 2015.  On or before April 7, 2015, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence.  The Plaintiff shall submit to the Court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing.  A sample table of contents of the Joint Appendix can be located on this Court's website at www.ded.uscourts.gov.  The Joint Appendix shall be filed on the same day as the answering claim construction briefs.  The parties shall file opening claim construction briefs on April 23, 2015, and answering claim construction briefs on May 7, 2015.  Briefing will be presented pursuant to the Court's Local Rules.

       7.     **Discovery.**  All fact discovery in this case shall be initiated so that it will be completed on or before October 29, 2015.  Opening expert reports on issues on which a party bears the burden of proof shall be served on or before November 24, 2015.  Rebuttal expert reports shall be served on or before December 21, 2015.  Expert Discovery in this case shall be initiated so that it will be completed on or before January 28, 2016.

       (a)     **Discovery and Scheduling Matters.**  Should counsel find they are unable to resolve a discovery[1] or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the Court, via electronic means (CM/ECF), a **Joint Letter Agenda**, which is **non-argumentative**, not to exceed two (2) pages outlining the issue(s) in

---

[1] Unless the Court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the Court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" ("ESI") shall govern.

dispute. A sample letter can be located at this Court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the Court should permit a fourth discovery teleconference. Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

      8.    **Confidential Information and Papers filed under Seal.** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

      **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

      9.    **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate Judge for the purpose of exploring the possibility of a settlement. The parties shall wait to be contacted by the assigned United States Magistrate Judge.

      10.    **Summary Judgment Motions.** With the exception of the Palm contractual issues dealt with below, the procedure regarding summary judgment motions will be as follows: Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed

with the Court no later than February 29, 2016.  Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than March 7, 2016.  Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before March 14, 2016.  If the Court determines that argument is necessary to assist in the resolution of any request to file summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument.  Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 10.

With respect to Palm, the Plaintiff and Palm agree and Magistrate Judge Thynge has recommended that an expedited summary judgment procedure regarding whether Palm is retroactively licensed to the asserted patents by way of its acquisition by Hewlett-Packard would likely resolve whether FlashPoint's case will go forward against Palm or not.  Plaintiff and Palm agree that this issue is a matter of law (contract interpretation), which is case dispositive with respect to Palm if Palm prevails on the motion.  Accordingly, Palm will file its opening brief on July 11, 2014.  FlashPoint will file its opposition brief on July 28, 2014.  Palm may file a reply by August 7, 2014.

11. **Case Dispositive Motions:**  To the extent permitted, all case or issue dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of such motions.  Briefing will be presented pursuant to the Court's Local Rules.  The parties may agree on an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for the Court's approval.  Any request for extensions of time as set forth in this Scheduling Order must be accompanied by an explanation or your request will be denied.

12. **Applications by Motion.**  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall not deliver

copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. **Oral Argument.**  If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

14. **Pretrial Conference.**  On September 19, 2016, beginning at 10:00 a.m., the Court will hold a Pretrial Conference, in Chambers for Jury trials and via telephone for Bench trials, with counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  A sample form of Pretrial Order can be located on this Court's website at www.ded.uscourts.gov.  Thirty (30) days before the Joint Proposed Pretrial Order is due, Plaintiff's counsel shall forward to Defendant's counsel a draft of the pretrial order containing the information Plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to Plaintiff's counsel any comments on the Plaintiff's draft, as well as the information Defendant proposes to include in the proposed pretrial order. **Motions *in limine*[2]**: **NO MOTIONS *IN LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day).  The parties shall file with the Court the joint Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this Court's website at www.ded.uscourts.gov on or before August 29, 2016.

15. **Trial.**  These matters are scheduled for jury trial(s) beginning at 9:30 a.m. on October 17, 2016.  At this point, given the number of Defendants, patents, and breadth of issues, the Court reserves the question of how many days will be allotted for trial(s) and how such trial(s) will be conducted.

---

[2] The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."

16. **Scheduling:** The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel are on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## PROPOSED DEADLINES FOR CIVIL ACTION NOS.
## 08-00139-GMS (Consolidated) and 14-00317-GMS

| Event | Deadline |
| --- | --- |
| Rule 26(a) Initial Disclosures | Defendants will comply with FRCP 26(e) |
| Deadline for FlashPoint to Supplement its List of Accused Products and Asserted Claims | July 16, 2014 |
| Deadline for FlashPoint to Supplement its Infringement Contentions (Response to Defendants' Interrogatory No. 1) | August 18, 2014 |
| Deadline for Defendants to Supplement their Invalidity Contentions (Response to Plaintiff's Interrogatory No. 7) | September 15, 2014 |
| Deadline for Parties to Supplement their Responses to Interrogatories and Requests for Production Served pre-Stay | September 22, 2014 |
| Deadline to File Motions to Join Other Parties | December 2, 2014 |
| Preliminary Election of Asserted Claims (no more than ten claims from each patent and not more than a total of 96 claims) | January 8, 2015 |
| Preliminary Election of Asserted Prior Art (no more than twelve prior art references against each patent and not more than a total of 120 references) | January 22, 2015 |
| Exchange of Claim Terms and Phrases for Construction | February 2, 2015 |
| Exchange of Proposed Constructions | March 5, 2015 |
| Meet and Confer to Reduce Claim Construction Issues | March 26, 2015 |
| File Joint Claim Chart | April 7, 2015 |
| File Opening Claim Construction Briefs | April 23, 2015 |
| File Answering Claims Construction Briefs | May 7, 2015 |
| Joint Appendix of Intrinsic Evidence | May 7, 2015 |
| *Markman* Hearings | July 7, 9, 2015 |
| Deadline to File Motion to Amend Pleadings | July 2, 2015 |
| FlashPoint Prima Facie Showing of Willful Infringement | July 2, 2015 |
| Defendants Inform FlashPoint Whether They Intend to Rely on Advice of Counsel as a Defense to Willful Infringement Allegations | July 30, 2015 |
| Defendant Production of Opinions it Intends to Rely On | August 13, 2015 |
| Completion of Fact Discovery | October 29, 2015 |

| Event | Deadline |
|---|---|
| FlashPoint Identification of patents on which Expert Will Opine | November 3, 2015 |
| Final Election of Asserted Claims (no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 48 claims) | November 3, 2015 |
| Final Election of Asserted Prior Art (no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 60 references) | November 10, 2015 |
| Opening Expert Reports (served by party bearing burden of proof) | November 24, 2015 |
| Rebuttal Expert Reports | December 21, 2015 |
| Completion of Expert Discovery | January 28, 2016 |
| Final Infringement Contentions, with Identification of Proof | February 11, 2016 |
| Final Invalidity Contentions, with Identification of Proof | February 22, 2016 |
| Letters Requesting Permission to File Motions for Summary Judgment | February 29, 2016 |
| Answering Letter | March 7, 2016 |
| Reply Letter | March 14, 2016 |
| Opening Summary Judgment Briefs | April 7, 2016 |
| | |
| Draft Joint Pretrial Order | July 29, 2016 |
| Final Joint Pretrial Order | August 29, 2016 |
| | |
| Pretrial Conference(s) | September 19, 2016 |
| Trial(s) | Begin October 17, 2016 |